E-FILED
Tuesday, 22 February, 2022  04:30:31 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

F.C. BLOXOM COMPANY, )
)
Plaintiff, )
)
v. ) Case No. 20-cv-3147
)
TOM LANGE COMPANY )
INTERNATIONAL, INC., )
d/b/a Seven Seas Fruit, )
)
Defendant. )

## <u>OPINION</u>

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the Motion to Continue

Deposition scheduled for January 27, 2022 (Deposition) filed by deponent

Jason Laye (d/e 35) (Motion 35) and Plaintiff F.C. Bloxom Company's (FC

Bloxom) Motion for an Order Awarding It Attorneys' Fees in Accordance

with Fed. R. Civ. P. 37(a)(5)(B) (Motion 36).  Motion 35 is DENIED as moot

since the time for conducting the deposition has passed.  For the reasons

set forth below, Motion 36 is DENIED.

Defendant Tom Lange Company International, Inc., d/b/a/ Seven

Seas Fruit (Seven Seas) filed a Motion for Protective Order or Motion to

Require Deposition to Proceed Via Video Conference (d/e 30) (Motion 30).

Motion 30 asked for the Deposition be conducted by telephone or

videoconference rather than in person.  <u>Motion 30</u>, at 13-14.  FC Bloxom

opposed Motion 30.  The Court denied Motion 30.  <u>Opinion entered</u>

<u>January 25, 2022 (d/e 34)</u>.  FC Bloxom now seeks attorney fees for

opposing Motion 30.

 This Court must award FC Bloxom attorney fees for opposing Motion

30 unless Motion 30 was substantially justified or other circumstances

make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(B).  Seven

Sea's position in Motion 30 was substantially justified if the position was

"'justified in substance or in the main'—that is, justified to a degree that

could satisfy a reasonable person."  <u>Pierce v. Underwood</u>, 487 U.S. 552,

565 (1988); <u>see</u> <u>Knauf Insulation, LLC v. Johns Manville Corp.</u>, 2019 WL

3766094, at *1 (S.D. Ind. August 8, 2019).

 In this case, Seven Seas' position was justified to a degree that could

satisfy a reasonable person.  Seven Seas did not ask to delay the

deposition, but only asked that the deposition be conducted by telephone

or videoconference.  Seven Seas made this limited request to change the

format of the deposition due to the surge in the Omicron variant of the

COVID 19 virus.  A reasonable person could find this request justified given

the threat to public health from the COVID 19 pandemic, particularly since

an in-person deposition would require several persons to be inside in close

quarters for several hours.  The Court denied Motion 30 under the circumstances of this case, but a reasonable person could have been satisfied by Seven Seas' justification of its position.  As a result, an award of attorney fees is not appropriate under Rule 37(a)(5)(B).

THEREFORE, IT IS ORDERED THAT Plaintiff F.C. Bloxom Company's (FC Bloxom) Motion for an Order Awarding It Attorneys' Fees in Accordance with Fed. R. Civ. P. 37(a)(5)(B) (d/e 36) is DENIED.  Deponent Jason Laye's Motion to Continue Deposition (d/e 35) is DENIED as moot.

ENTER:   February 22, 2022

s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE