**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| F.C. BLOXOM COMPANY d/b/a F.C. BLOXOM COMPANY INTERNATIONAL, ) ) ) ) | |
| Plaintiff-Appellant, ) ) | |
| v. ) ) | Case No. 20-3147 |
| TOM LANGE COMPANY INTERNATIONAL, INC., d/b/a SEVEN SEAS FRUIT, ) ) ) ) | |
| Defendant-Appellee. ) | |

**OPINION**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is the Defendant/Appellee's Motion for Attorney's Fees, Costs, and Interest [Doc. 104]. For the reasons that follow, the Defendant/Appellee's Motion for Attorney's Fees, Costs, and Interest is GRANTED in part and DENIED in part.

**I.    BACKGROUND**

The origin of this dispute traces back to an August 2018 agreement by Defendant-Appellee Tom Lange Company International, Inc. d/b/a Seven Seas Fruit ("Seven Seas") to sell and

1

deliver three loads of onions to Plaintiff-Appellant F.C. Bloxom Company International ("Bloxom") for shipment to Bloxom's customer in Honduras. The total price of the onions was $24,045.00, or $8,015.00 per load. The shipment of onions was not accompanied by the proper documentation and could not be imported into Honduras. By the time the onions returned to the United States, the onions were rotten and could not be salvaged.

Seven Seas filed a Formal Complaint with the United States Department of Agriculture following Bloxom's alleged failure to pay for the shipment of onions, in violation of section 2 (4) of the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. § 499(b)(4). See d/e 90. In a reparation proceeding before the Department of Agriculture, the Secretary of Agriculture issued a Decision and Order awarding Seven Seas damages against Bloxom in the amount of $66,581.01, plus costs and interest. See d/e 90-12. Bloxom filed a notice of appeal pursuant to 7 U.S.C. § 499g(c). See d/e 1. Pursuant to PACA, Bloxom posted a cash bond with the Court in the amount of $165,000

to act as security to apply to the damages awarded if Seven Seas prevailed in this action. See d/e 104, at 2.

In an Opinion and Order entered on November 22, 2022, the Court granted Seven Seas' Motion for Summary Judgment and directed entry of a monetary judgment in favor of Seven Seas and against Bloxom in the amount of $66,581.01, plus interest at the rate of 1.5% (18% per annum) on the original sales contract amount of $24,045.00 from August 9, 2018, through the date judgment is entered, plus a handling fee of $500, plus pre-judgment interest of $42,536.01 at the rate of 0.15% per annum from May 21, 2020, through the date judgment is entered, plus attorneys' fees to be computed pursuant to Central District of Illinois Civil Local Rule 54.1, plus costs to be taxed by the Clerk pursuant to 7 U.S.C. § 499g(c). See d/e 101, at 31. On December 16, 2012, Bloxom filed a Notice of Appeal.[1] See d/e 103.

---

[1] A notice of appeal generally divests the district court of jurisdiction. However, district courts may address collateral matters such as attorney's fees while the merits are on appeal. See Kusay v. United States, 62 F.3d 192, 194 (7th Cir. 1995).

Seven Seas now seeks attorney's fees in the amount of $552,904.12, plus interest through the date of Judgment totaling $18,861.63. See d/e 104, at 2-3.

## II. DISCUSSION

### A. Legal Standard

Under PACA, in an appeal from a reparation order, the prevailing appellee "shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs." See 7 U.S.C. § 499g(c). The presence of the word "shall" indicates that courts are required to award fees to the prevailing appellee. See Robinson Farms Co. v. D'Acquisto, 962 F.2d 680, 684-85 (7th Cir. 1992) ("We give 'shall' its normal, imperative meaning, and find that granting of fees under § 499g(c) is not discretionary, though the amount of fees is.") The Seventh Circuit found that the purpose of the fee provision is to "encourag[e] vigorous private enforcement of the law, thereby creating a fair marketplace." Id. at 685. The court compared PACA to fee-shifting provisions under the civil rights laws, stating that in "both cases the prospect of recovering attorney's fees helps induce plaintiffs to sue, rather than accepting an injustice and hoping

4

someone with better financial means will stand up to the wrongdoers, as well as attracting attorneys to take on cases they might otherwise neglect because of a plaintiff's penury." Id.

In determining an attorney's fee award, courts typically use the "lodestar method," which is "the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014). While the lodestar method yields a presumptively reasonable fee, a court may adjust the fee based on factors not accounted for in the computation. Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

To calculate the amount of reasonable fees incurred, the Court must first determine Seven Seas' attorneys' reasonable hourly rate. "A reasonable hourly rate is based on the local market rate for the attorney's services." Montanez, 755 F.3d at 553. "The best evidence of the market rate is the amount the attorney actually bills for similar work." Id. However, "if that rate can't be determined, then the district court may rely on evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases." Id. The fee applicant "bears the burden of establishing the market rate for the work; if the lawyers

5

fail to carry that burden, the district court can independently determine the appropriate rate." Id.

The Seventh Circuit has stated "just because the proffered rate is higher than the local rate does not mean that a district court may freely adjust that rate downward." Mathur v. Board of Trustees of Southern Illinois University, 317 F.3d 738, 743 (7th Cir. 2003). "[I]f an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount, though if local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service." Id. at 744 (internal quotation marks omitted); see also Jeffboat, LLC v. Director, Office of Workers Comp. Programs, 553 F.3d 487, 490 (7th Cir. 2009) ("[O]ur cases have consistently recognized that an attorney's actual billing rate for comparable work is presumptively appropriate for use as a market rate when making a lodestar calculation."). Although the plaintiff in *Mathur* was from southern Illinois, the court stated it was reasonable for him to search for an attorney in Chicago when his

6

efforts in southern Illinois were unsuccessful. See id. Additionally, it concluded the district court abused its discretion in simply stating "that the lower rate was appropriate because of the prevailing local rates in southern Illinois, without regard to the quality of service rendered by the appellants." Id.

### B. Reasonableness of Fees and Costs

Seven Seas alleges the recovery of attorney's fees and costs for three law firms is reasonable because the firms were necessarily hired "to defeat Bloxom's false and manufactured claims in this appeal." See d/e 104, at 5. Seven Seas states that it was initially represented by the Meuers firm during the reparation proceedings and through February 2022 in this action before Seven Seas replaced the Meuers firm as counsel of record with Thompson Coburn. Id. at 5-6. Seven Seas agreed to pay for legal services rendered by Carlton Fields in its representation of Jason Laye to "defend him against Bloxom's baseless and false claims that he committed perjury." Id. at 6. Seven Seas claims that the experienced attorneys ably addressed the complexity of the issues while dealing with the contentious nature of the litigation and "eventually debunking and exposing Bloxom's evidence fabrication and lie." Id.

Seven Seas now seeks attorney's fees and costs incurred through November 30, 2022, in the total amount of $552,904.12, plus interest through December 3, 2022, the date the Judgment was entered, in the total amount of $18,861.63. See d/e 104, at 2-3. Specifically, Seven Seas requests total attorney's fees and costs of: (1) $122,652.34 on behalf of the Meuers Law Firm, P.L.; (2) $375,655.11 on behalf of Thompson Coburn LLP; and (3) $54,596.67 on behalf of Carlton Fields, P.A. See id. at 3.

John Amato, a partner at Thompson Coburn LLP, submitted a Declaration stating that his firm expended a total of 753.5 hours by six attorneys, including three partners and three associates, and eight additional support staff between January 25, 2022, through the end of November 2022. See d/e 104-3, at 7. Mr. Amato billed 267.4 hours at a discounted rate of $765 per hour and 27.3 hours at $624.89 per hour while Jan Paul Miller billed 5.7 hours at $660 per hour. Id. Stephen Grable billed 1.2 hours at $800 per hour. Id. Erik Lewis billed 152 hours at $470 per hour and 14.1 hours at $480 per hour while Danielle Bauer billed 108.4 hours at $535 per hour. Id. Matthew Nevola billed 20.4 hours at $415 per hour. Id. Two

paralegals billed 89.4 hours at amounts between $300.35 per hour and $320 per hour while one paralegal billed 0.2 hours at $245 per hour. Id. Five other Thompson Coburn staff members billed a total of 56 hours at rates between $265 per hour and $335 per hour. Id. Bloxom notes Mr. Amato and some of the other Thompson Coburn timekeepers are located in New York City. See d/e 112, at 10. Mr. Lewis is based out of Belleville, Illinois.

Lawrence H. Meuers, a member of the Meuers Law Firm, P.L., in Naples, Florida, submitted a Declaration stating that 421.8 hours were expended by Meuers' attorneys and paralegals. See d/e 104-6, at 6. Mr. Meuers billed 162.9 hours at a discounted rate of $369.24 per hour while Steven E. Nurenberg billed 3.6 hours at $335 per hour. Id. Steven M. DeFalco billed 15.4 hours at $279.87, while Luanne M. Rogers billed 239.8 hours at $194.76. Id.

Vanessa Singh Johannes, Of Counsel at Carlton Fields, submitted a Declaration stating her firm represents Jason Laye, the salesman at Seven Seas who sold the three loads of onions to Bloxom which triggered this dispute. See d/e 104-8, at 2. Mr. Laye is listed as a miscellaneous party in this case and was a party in a related

9

case, F.C. Bloxom Company d/b/a F.C. Bloxom International v. Laye, Case No. 22-mc-3005, wherein Bloxom filed a Petition to Compel Compliance with Subpoenas, to Compel Forensic Examination, for Contempt, and for Sanctions against Laye. Upon finding that further discovery was unnecessary in the dispute between Bloxom and Seven Seas and following the entry of summary judgment in favor of Seven Seas, the Court found that the relief requested by Bloxom was moot and closed the miscellaneous case brought against Laye. See Case No, 22-mc-3005, Text Order of 12/6/2022. As for Carlton Fields attorneys, Ms. Johannes billed 82.9 hours at $630 per hour, a reduction from her standard rate of $675 per hour. Id. at 5. Partner Michael S. Pasano billed .6 hours at $775 per hour. Id. Associate Ted L. Delcima billed three hours at $345.00 per hour. Id.

In its Response to the Motion for Attorney's Fees, Bloxom alleges the requested rates of attorneys and staff are excessive and unreasonable and significantly higher than the rates this Court has approved in other cases. See d/e 112, at 9-13. Bloxom asks the Court to reduce all hourly rates to $375 for partners, $425 for attorneys and partners with over 25 years of experience, and $325

for associates. Id. 11-12. Bloxom further requests that the hourly rates be reduced to $135 for paralegals and $40 for all other litigation support staff. Id. at 12-13. According to Bloxom, these amounts are consistent with those charged by experienced attorneys and support staff in this community. Id. at 10-13. Bloxom alleges this would result in an adjusted total of $338,838, an amount that should be further reduced for duplicative work, clerical work, or other reasons. Id. at 13.

Bloxom further contends Seven Seas cannot recover as attorney's fees amounts listed that were "no charged" or "discounted" and thus not billed to Seven Seas. Id. at 4-5. According to Bloxom, the total not billed to Seven Seas attorneys was $57,964.90, consisting of $4,246.50 "no charged" to the Meuers firm, $32,699.90 discounted to Thompson Coburn, and $21,018.50 "no charged" to Thompson Coburn. Id. Bloxom alleges many of the entries are excessive, redundant, or otherwise unreasonable. Id. at 5. Bloxom further asserts Seven Seas has not demonstrated the reasonableness of its rates or why so many attorneys and other staff were required to defend this action. Id. at 6.

Seven Seas contends Bloxom forced Seven Seas and Mr. Laye to comply with "onerous and far reaching discovery demands." See d/e 104, at 7. Bloxom sought access to Mr. Laye's cell phone and claimed Seven Seas and Laye had destroyed evidence concerning the receipt of emails and purchase orders, in addition to alleging Seven Seas' counsel had committed ethical violations concerning the issue. Id. Seven Seas states that is why it arranged for Mr. Laye to obtain his own counsel while also hiring Thompson Coburn to replace the Meuers firm on Seven Seas' behalf. Id. Seven Seas contends Bloxom should have to pay for its actions which resulted in Seven Seas hiring counsel for its employees because of Bloxom's alleged fabricated evidence. Id.

Seven Seas alleges Bloxom's litigation tactics required the forensic analysis of Mr. Laye's cell phone, review of thousands of documents produced pursuant to 18 subpoenas, extensive discovery requests and meet and confer sessions, seven depositions, interrogatories, notices to admit, mediation, and numerous discovery motions, in addition to a motion by Seven Seas to file the administrative record that Seven Seas claims Bloxom obstructed. Id.

Bloxom contends the fees incurred by Carlton Fields in representing non-party Mr. Laye are not recoverable by Seven Seas. Id. at 7. The Court agrees. See E.E.O.C. v. Madison Comm. Unit School Dist. No. 12, 818 F.2d 577, 590 (7th Cir. 1987) ("[A]s nonparties they are not entitled to attorney's fees."); American Home Assur. Co. v. Dykema, Gossett, Spencer, Goodnow & Trigg, 811 F.2d 1077, 1089 (7th Cir. 1987) (reversing award of fees and interests as "inappropriate" to a non-party); Sampley v. Duckworth, 72 F.3d 528, 532 (7th Cir. 1995) (holding that courts are not authorized to tax costs against nonparties). Although Mr. Laye has been treated as an adverse and hostile party, Mr. Laye was not named as a Defendant in Bloxom's Complaint in this case.[2] Mr. Laye appears to have been added as a miscellaneous party when he filed a Motion to Continue Deposition [d/e 35] on January 26, 2022. While Seven Seas may have agreed to pay for the attorney's fees on behalf of Mr. Laye to defend him against "Bloxom's baseless and false claims" of perjury, that does not change the fact he is a nonparty. Because Mr. Laye is

---

[2] Jason Laye was named as a Defendant in a case initially brought by Bloxom in the Southern District of Florida that was transferred to this Court on June 16, 2022. See Case No. 22-mc-3005-SEM-KLM. Bloxom sought to compel Laye's compliance with subpoenas, to compel forensic examination, for contempt, and for sanctions against Laye. Id., d/e 1.

a nonparty to this case, the Court concludes that Seven Seas cannot recover the attorney's fees it paid to Carlton Fields on his behalf.

Bloxom claims that, when the total amount of the fees charged by Carlton Fields and the $57,964.90 in fees not charged to Seven Seas are removed from the total, a balance of $440,342.55 requested by Seven Seas remains. Id. at 7-8. Seven Seas disputes the assertion it is seeking to recover for not billed or discounted time. See d/e 113, at 12-14. The record shows that Seven Seas is not seeking recovery for amounts not billed to Seven Seas. Mr. Amato's Declaration notes that the amount requested reflects a "discount of $20,961.00 for lost travel time," an amount which the invoices show was not billed to Seven Seas. See d/e 104-3, at 68-71. Additionally, a total of $41,969.52 was discounted by Thompson Coburn and is not being sought by Seven Seas. Id. at 4-5. Similarly, the Meuers Law Firm did not charge Seven Seas for time spent on certain tasks as reflected in the invoices. See d/e 104-6, at 33, 51, 55 & 58.

Seven Seas further alleges that the large amount of its requested attorney's fees and costs when compared to the $66,581.01 damages award is the "direct product of Bloxom's

14

aggressive litigation tactics and palpably false claims." Id.  Seven Seas claims Bloxom engaged in vexatious discovery requests and a campaign of harassment which included leveling criminal allegations against Seven Seas, Mr. Laye, and counsel. Id.

Seven Seas alleges Bloxom's appeal in this case was based on its own lie. Id.  While Bloxom initially argued that it emailed three purchase orders to Mr. Laye on August 8, 2018, before the onions were shipped to Honduras several days later, Bloxom eventually admitted that the purchase orders were not sent to Seven Seas before the onions shipped. See Opinion Granting Summary Judgment, d/e 101, at 20.  The Court further found the record established that the purchase orders were created on or after January 31, 2019, at which point the onions could no longer be salvaged. Id. at 20-21.

As the prevailing party, Seven Seas is entitled to an award of attorney's fees and costs under of PACA. See 7 U.S.C. § 499g(c).  The amount of resources expended on this case involving a dispute over $24,045.00 worth of onions is almost comical.  As the Court's Opinion granting summary judgment in favor of Seven Seas makes clear, however, that is almost entirely due to Bloxom's engagement in protracted litigation that could have been avoided if Bloxom would

15

have carefully examined its own records, which would have shown whether the purchase orders were sent when the onions shipped. For these reasons, the Court finds that a significant award of attorney's fees is warranted. The Court has reviewed the time entries and finds them to be reasonable. Based on the Court's experience, the rates charged by counsel and support staff are considerably higher than those typically charged in the Central District of Illinois. Therefore, the Court will lower the rates by 20% to account for the possibility that a local attorney would have achieved the same result. The Meuers Law Firm thus will be awarded attorney's fees and costs of $98,121.87. Thompson Coburn will be awarded attorney's fees and costs of $300,524.09. Carlton Fields is not entitled to attorney's fees and costs because it represented a nonparty.

Therefore, the Defendant/Appellee's Motion for Attorney's Fees, Costs, and Interest [d/e 104] is GRANTED in part and DENIED in PART.

It is GRANTED in part to the extent that the Meuers Law Firm, P.L., is awarded attorney's fees and costs of $98,121.87, and Thompson Coburn LLP is awarded attorney's fees and costs of $300,524.09.

It is DENIED to the extent that Carlton Fields is awarded no attorney's fees and costs.

The Clerk is DIRECTED to enter an Amended Judgment consistent with this Order.

IT IS ORDERED that the Clerk pay the $165,000 cash bond to Seven Seas to be applied to the amounts set forth in the Amended Judgment to be entered.

ENTER: September 28, 2023

/s/ *Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE