## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **F.C. BLOXOM COMPANY d/b/a** | ) | |
| **F.C. BLOXOM COMPANY** | ) | |
| **INTERNATIONAL,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-3147** |
| | ) | |
| **TOM LANGE COMPANY** | ) | |
| **INTERNATIONAL, INC., d/b/a** | ) | |
| **SEVEN SEAS FRUIT,** | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is the Defendant/Appellee's Application for the Clerk to Enter a Supplemental Judgment Awarding Attorneys' Fees and Costs (d/e 121). Plaintiff's request to bar Defendant's Supplemental Fees is denied as Defendant's petition is not time barred, Defendant has not waived costs, and the fees and costs requested are reasonable, subject to the Defendant's requested 20% reduction. Therefore, Defendant/Appellee's Application (d/e 121) is GRANTED.

# I.    BACKGROUND

The origin of this dispute traces back to an August 2018 agreement by Defendant-Appellee Tom Lange Company International, Inc. d/b/a Seven Seas Fruit ("Defendant") to sell and deliver three loads of onions to Plaintiff-Appellant F.C. Bloxom Company International ("Plaintiff") for shipment to Plaintiff's customer in Honduras. The total price of the onions was $24,045.00, or $8,015.00 per load. The shipment of onions was not accompanied by the proper documentation and could not be imported into Honduras. By the time the onions were returned to the United States, the onions had spoiled and could not be salvaged.

Defendant filed a Formal Complaint with the United States Department of Agriculture following Plaintiff's failure to pay for the shipment of onions, in violation of section 2 (4) of the Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. § 499(b)(4). d/e 90. In a reparation proceeding before the Department of Agriculture, the Secretary of Agriculture issued a Decision and Order awarding Defendant damages against Plaintiff in the amount of $66,581.01, plus costs and interest. (d/e 90-12). Plaintiff filed a notice of appeal pursuant to 7 U.S.C. § 499g(c). d/e 1. Pursuant to

2

PACA, Plaintiff posted a cash bond with this Court in the amount of $165,000 to act as security to apply to the damages awarded if Defendant prevailed in this action. (d/e 104, p. 2).

In an Opinion and Order entered on November 22, 2022, this Court granted Defendant's Motion for Summary Judgment and directed entry of a monetary judgment in favor of Defendant and against Plaintiff in the amount of $66,581.01, plus interest at the rate of 1.5% (18% per annum) on the original sales contract amount of $24,045.00 from August 9, 2018, through the date judgment is entered, plus a handling fee of $500, plus pre-judgment interest of $42,536.01 at the rate of 0.15% per annum from May 21, 2020, through the date judgment is entered, plus attorney's fees to be computed pursuant to Central District of Illinois Civil Local Rule 54.1, plus costs to be taxed by the Clerk pursuant to 7 U.S.C. § 499g(c). (d/e 101, p. 31). On December 16, 2022, Plaintiff filed a Notice of Appeal. (d/e 103).

On the same date, Defendant moved for the imposition of attorney's fees in the amount of $552,904.12 plus interest through the date of Judgment totaling $18,861.63. (d/e 104, pp. 2-3). Thereafter, Plaintiff filed a Memorandum in Opposition (d/e 112) and

Defendant filed its Reply brief (d/e 113). On September 28, 2023, this Court entered an Opinion granting in part and denying in part Defendant's Motion for Attorneys' Fees, Costs, and Interest. (d/e 115).

On September 16, 2024, the United States Court of Appeals for the Seventh Circuit filed a mandate in this action, affirming the judgment of the District Court. (d/e 120). On October 14, 2024, Defendant filed the instant Application for the Clerk to Enter a Supplemental Judgment Awarding Attorneys' Fees and Costs with declarations in support.  (d/e 121). On November 27, 2024, Plaintiff filed its Memorandum in Opposition and on December 4, 2024, Defendant filed its reply. (d/e 123, 124).

Defendant now seeks supplemental attorney's fees in the amount of $148,310.11, which includes attorney's fees and costs expended due to Plaintiff's motion to stay judgment and appeal following Defendant's initial attorney's fees application. (d/e 121, p. 2).

## II.    DISCUSSION

### A. Plaintiff's Requests to Bar Defendant's Supplemental Petition are Denied.

#### i.    Defendant's Initial Motion for Attorney's Fees and Costs was Timely, and Defendant's

4

### Supplemental Petition is Not Time Barred.

Plaintiff argues Defendant's Application for Supplemental Judgment for Attorneys' fees must be denied as Defendant failed to meet the 14-day deadline imposed by Federal Rule of Civil Procedure 54 and Local Rule 54.1. Specifically, Plaintiff argues Defendant failed to file this supplemental petition within 14 days of the issuance of the Amended Judgment in this matter. (d/e 123).

On September 28, 2023, the Court entered its Opinion on Defendant's first Motion for Attorneys' Fees, Costs and Interest. (d/e 115). In its September 28, 2023 Order and text order the following day the Court directed the Clerk of Court to enter an Amended Judgment awarding attorney's fees and setting a cash bond. (d/e 115, 116). The Amended Judgment was filed on September 29, 2023. (d/e 117). Prior to entry of these orders, Plaintiff had filed a Notice of Appeal, and a Short Record of Appeal was sent to the Seventh Circuit Court of Appeals. (d/e 103, 106). On September 16, 2024, the Seventh Circuit Court of Appeals filed its mandate in this matter affirming the judgment of the district court. (d/e 120). On October 14, 2024, Defendant filed its instant application for supplemental attorney's fees and costs. (d/e 121).

5

Defendant did not file its application for supplemental attorney's fees until 28 days after the appellate court's mandate was entered in this matter and over a year after the Amended Judgment was entered. Plaintiff argues that given the application was not filed within 14 days, Defendant's fees and costs must be denied.

A review of Defendant's requested fees and costs indicate that many of the expenses were unknown to Defendant at the time the Defendant filed its first Motion for Attorneys' Fees, Costs, and Interest or when the Amended Judgment was filed. This is true as many of the newly requested fees and costs were not incurred until after the Amended Judgment was entered while Defendant was defending this case on appeal.

Defendant argues it previously satisfied the purpose of Rule 54, namely putting the Plaintiff on notice that additional attorney's fees and costs would be sought. In support, Defendant argues it requested attorney's fees and costs in its summary judgment order, timely filed its first motion for attorney's fees, and noted in each filing that Defendant reserved the right to seek additional fees after they were incurred. (d/e 124-1, p. 5). Further, Defendant argues there is no time limit for seeking additional fees and costs as such items are

6

incurred. Lastly, Defendant notes that such a time limit would result in prejudice to the Defendant for costs and fees incurred after a successful defense on appeal. This Court agrees.

Although Defendant filed its application for additional fees and costs well after the Amended Judgment was entered, the Court had already found in ruling on Defendant's first motion for fees and costs that Defendant was entitled to reasonable fees and costs under PACA. Further, Defendant placed this Court and the Plaintiff on notice that additional fees would likely be sought during the pendency of appeal. Therefore, the Court finds that Defendant's application is not time barred given the notice supplied to Plaintiff and the lack of any authority that requests for additional fees, when they have not yet been incurred, must comply with the 14-day requirement.

### ii.   **Defendant Has Not Waived Recovery of Costs.**

A district court has broad discretion to determine whether costs should be awarded. *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The losing party has the burden to affirmatively show that the prevailing party is not entitled to costs. *Congregation of the Passion, Holy Cross Province v. Touche, Ross &*

*Co.*, 854 F.2d 219, 222 (7th Cir. 1988). In general, the Seventh Circuit Court of Appeals has recognized only two exceptional circumstances to overcome the presumption that a prevailing party should receive costs: (1) when he or she has engaged in some misconduct or other action worthy of penalty or (2) when the losing party is indigent. *Id.* Further, the presumption established by Fed. R. Civ. P. 54 is that the prevailing party will recover its costs. Federal Rule of Civil Procedure 54.

Plaintiff also argues Defendant waived supplemental attorney's fees under Local Rule 54.1(B) as Defendant did not include Form AO-133 as a summary for its bill of costs. (d/e 123, pp. 8-9). Plaintiff further argues that Defendant failed to comply with Federal Rule of Appellate Procedure 39(d)(1) as Defendant does not seek the type of costs permitted under that rule.

Local Rule 54.1 allows a bill of costs and supporting documentation to be filed in any format, but the Rule specifically notes that such a format "must include Form AO-133 as a summary." There is no dispute Defendant failed to include such a form with its supplemental motion. Defendant argues that the failure to include this form should not preclude recovery as it is a "requirement of form"

and the Court should overlook this failure. (d/e 124).  Defendant states that it did not willfully omit Form AO-133 from the application. Further, Defendant specifically identified all of its costs in the application and provided "detailed back-up and receipts for each item." (d/e 124-1, p. 7).

The Court has reviewed Form AO-133, which requires a listing of specific types of fees and costs, a section for "other costs" which are not specifically listed, and a "special note" regarding itemization and documentation for requested costs in all categories. The Court finds that the Defendant's supplemental application for attorney's fees, namely the declaration from John Amato and the supporting documentation, is sufficient to place Plaintiff on notice of Defendant's requested costs and the absence of Form AO133 will not prevent Defendant's recovery of fees and costs. Further, the information supporting the request for fees and costs is complete in Defendant's motion and allows Plaintiff the opportunity to object to specifics, which it did. Notably, Plaintiff points the Court to "deposition video expenses" and the lack of documentary support. While the Court will address entitlement to specific costs later in this order, the Court will not find that the absence of Form AO-133 bars Defendant from

9

receipt of costs outright.

Plaintiff also contends Defendant may not seek the specific costs requested in its motion relating to travel expenses, e-discovery costs, deposition expenses, appeal filing fees, court admissions, and delivery services. Citing Federal Rule of Appellate Procedure 39(d)(1) Plaintiff argues Defendant must "within 14 days after entry of judgment" file and serve an itemized and verified bill of costs. Plaintiff argues Defendant has failed to do so with its instant motion and has therefore waived recovery of these costs. However, this section of Rule 39 applies to costs that a party is seeking from the circuit clerk of the Court of Appeals, and which would then be ordered in the mandate to the district court. FRAP 39(d)(1). Defendant did not file the instant motion for costs in the appellate court. Therefore, this rule does not apply to Defendant's pending motion for costs before this Court.

Plaintiff also argues under subsection (e) of Rule 39 that Defendant's requested attorney's fees and costs are not the type that may be awarded. Federal Rule of Appellate Procedure 39(e) allows a district court to tax as costs:

> (1) the preparation and transmission of the record;
>
> (2) the reporter's transcript, if needed to determine the

appeal;

(3) premiums paid for a bond or other security to preserve

rights pending appeal; and

(4) the fee for filing the notice of appeal.

Each of these type of costs in Rule 39 are those which only accrue at the appellate level. Here, Defendant is seeking costs related to its defense on appeal and many of these costs are not attributable to specific appellate filing fees. Rather, Defendant is mostly seeking costs of travel and e-discovery. These are the types of costs a district court normally considers when awarding fees and costs.

Further, Defendant's motion does not seek costs relating to specific appellate court fees covered under Federal Rule of Appellate Procedure 39 and the Court finds that Defendant's request for costs is not barred.

### B. Legal Standard

Under PACA, in an appeal from a reparation order, the prevailing appellee "shall be allowed a reasonable attorney's fee to be taxed and collected as part of his costs." *See* 7 U.S.C. § 499g(c). The presence of the word "shall" indicates that courts are required to award fees to the prevailing appellee. *See Robinson Farms Co. v.*

11

*D'Acquisto*, 962 F.2d 680, 684-85 (7th Cir. 1992) ("We give 'shall' its normal, imperative meaning, and find that granting of fees under § 499g(c) is not discretionary, though the amount of fees is.") The Seventh Circuit found that the purpose of the fee provision is to "encourag[e] vigorous private enforcement of the law, thereby creating a fair marketplace." *Id.* at 685. The court compared PACA to fee-shifting provisions under the civil rights laws, stating that in "both cases the prospect of recovering attorney's fees helps induce plaintiffs to sue, rather than accepting an injustice and hoping someone with better financial means will stand up to the wrongdoers, as well as attracting attorneys to take on cases they might otherwise neglect because of a plaintiff's penury." *Id.*

In determining an attorney's fee award courts typically use the "lodestar method," which is "the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). While the lodestar method yields a presumptively reasonable fee a court may adjust the fee based on factors not accounted for in the computation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To calculate the amount of reasonable fees incurred, the Court

must first determine Defendant's attorney's reasonable hourly rate. "A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez*, 755 F.3d at 553. "The best evidence of the market rate is the amount the attorney actually bills for similar work." *Id.* However, "if that rate can't be determined, then the district court may rely on evidence of rates charged by similarly experienced attorneys in the community and evidence of rates set for the attorney in similar cases." *Id.* The fee applicant "bears the burden of establishing the market rate for the work; if the lawyers fail to carry that burden, the district court can independently determine the appropriate rate." *Id.*

The Seventh Circuit has stated "just because the proffered rate is higher than the local rate does not mean that a district court may freely adjust that rate downward." *Mathur v. Board of Trustees of Southern Illinois University*, 317 F.3d 738, 743 (7th Cir. 2003). "[I]f an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount, though if local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge, in his discretion,

might allow only an hourly rate which local attorneys would have charged for the same service." *Id.* at 744 (internal quotation marks omitted); *see also Jeffboat, LLC v. Director, Office of Workers Comp. Programs*, 553 F.3d 487, 490 (7th Cir. 2009) ("[O]ur cases have consistently recognized that an attorney's actual billing rate for comparable work is presumptively appropriate for use as a market rate when making a lodestar calculation."). Although the plaintiff in *Mathur* was from southern Illinois, the court stated it was reasonable for him to search for an attorney in Chicago when his efforts in southern Illinois were unsuccessful. *See id.* Additionally, it concluded the district court abused its discretion in simply stating "that the lower rate was appropriate because of the prevailing local rates in southern Illinois, without regard to the quality of service rendered by the appellants." *Id.*

Plaintiff alleges that Defendant is not entitled to attorney's fees because there is no legal basis for recovery. The Court disagrees. PACA specifically discusses the fees and costs associated with an appeal to the district court shall be provided to an appellee if he prevails. Though there is no specific language including an additional appeal to a Court of Appeals, it follows that, if the appellee is

14

successful at the district court and an appellant decides to again appeal the district court's decision to a Court of Appeals, the appellee should be entitled to reasonable attorney's fees. Defendant, the Appellee here, has been successful after the Plaintiff exercised its right to appeal decisions from both the agency level and the district court. Given Defendant's successful claim, Defendant is entitled to attorney's fees associated with the costs of defending said claim on appeal.

### C. Reasonableness of Fees and Costs

Defendant argues the recovery of additional attorney fees and costs is reasonable because of the fees and costs expended on motion practice, appeal briefs and travel after the Amended Judgment was entered. This included a motion to stay enforcement of the Amended Judgment at the district court and defending the district court's award at the Seventh Circuit Court of Appeals. Further, the Amended Judgment does not "capture the attorney's fees and costs Defendant paid counsel to respond to motions and appeal, including related costs and disbursements." (d/e 121-2, p. 4).

Defendant seeks attorney fees and costs incurred from December 1, 2022 and July 20, 2024. Defendant argues it has

incurred $181,994.58 in attorney's fees and $3,393.06 in costs. However, Defendant only requests additional attorneys' fees and costs in the amount of $148,310.11, which includes a 20% reduction of the total fees and costs sought. This reduction reflects the reduction the Court imposed when determining Defendant's first request for attorney's fees in 2023.

John Amato, a partner at Thompson Coburn LLP, submitted a Declaration in support of Defendant's request for additional attorney fees and costs. Mr. Amato's Declaration states that his firm expended a total of 361.5 hours by eight attorneys, including one partner and seven associates, and four additional support staff between December 1, 2022 and July 30, 2024. (d/e 121-2, p. 8). Mr. Amato billed 95.3 hours at a discounted rate of $765 per hour and 5 hours at $880 per hour. *Id.* Erik Lewis billed 12.1 hours at $470 per hour and 6.10 hours at $541 per hour. *Id.* Danielle Bauer billed 30.6 hours at $535 per hour and 71.40 hours at $595 per hour. *Id.* Matthew Nevola billed 3.3 hours at $415 per hour. *Id.* James Pizzo billed 14.20 hours at $360 per hour and 70.40 hours at $410 per hour. *Id.* Finn Mayock billed 6.30 hours at $450 per hour. *Id.* Lorena Guzman-Diaz billed 5.70 hours at $470 per hour. *Id.* Two paralegals billed 21.7

hours at $320 per hour and 17 hours at $345 per hour. Two litigation support managers billed 0.9 hours at amounts between $265 and $335 per hour.

In Plaintiff's Response to Defendant's request for additional fees and costs, Plaintiff alleges that the requested rates of attorneys and staff are unreasonable and unjustified. (d/e 123, pp. 13-14). However, Plaintiff does not suggest an appropriate rate to the Court and instead suggests that the fees requested should be reduced to rates consistent with the local market. *Id.*  While counsel for the Defendant ably represented its client's interests shown by the continued success through two appeals, the Court believes a reduction of 20%, as calculated by Mr. Amato, and previously ordered by this Court, is appropriate given the likelihood that a local attorney would have achieved the same result and will apply the same percentage reduction to fees and costs overall.

Along with Plaintiff's argument that Defendant's requested rates are unreasonable, Plaintiff argues 42% of the additional requested fees relate to preparation of the motion seeking an initial award of attorney's fees. Plaintiff argues that this amount, $62,562.50, are fees incurred from drafting the first attorney's fee motion and

17

Defendant offers no proof of the reasonableness of the work regarding a "routine" post-judgment motion. (d/e 123, pp. 12-13).

Although a motion for attorney's fees is a somewhat routine motion that many counselors file when they have success on the merits, the attorney's fee motion Defendant filed was not routine. Defendant's first attorney's fee motion included fees and costs requests from three law firms, over 10 attorneys, and support staff of each of the three firms involved. (d/e 104). In addition, the declarations prepared by counsel at each of the firms were extensive and provided cost breakdowns from the beginning of representation in this matter when the Meuers Law Firm was retained in April 2019, continuing through the reparation proceedings before the U.S. Department of Agriculture, the appeal to this Court, and the judgment entered by this Court in December 2022. The motion also included itemized receipts of each of the firms' hours and various costs. This Court did not agree that one of the three firms, Carlton Fields, P.A, was entitled to fees. However, the Court's prior finding regarding Carlton Fields does not bar a finding that the fees incurred in the preparation of such an expansive motion for fees by counsel who still represent the Defendant is indeed reasonable.

Plaintiff also argues that many of Defendant's entries are excessive, represent duplicative work, should be reduced for clerical work or are otherwise unreasonable. Defendant responds that each of these hours were absolutely necessary to defend this matter either in post trial motions to stay the judgment, seeking attorney's fees, or to defend this matter on appeal. Defendant also states many of these fees were not incurred until well after the Amended Judgment was entered and after the appeal was completed. Defendant further alleges that it was Plaintiff's decision to pursue an "aggressive litigation strategy" in both post trial motions and on appeal which is the sole reason for additional fees being requested from this Court. (d/e 121-2).

Citing this Court's September 2023 Order, Plaintiff argues Defendant cannot recover $25,117.00 in fees for collaborating with non-party Jason Laye or his attorney, Ms. Johanesse. In that Order, this Court found that Jason Laye was not a party to this litigation and fees incurred by Mr. Laye's counsel were not recoverable by the Defendant. (d/e 115, p. 13). The Court notes that all but $842 of the $25,117.00 Plaintiff refers to as time spent collaborating with a non-party was incurred before the Court issued its September 2023 Order

finding no entitlement to fees for Mr. Laye or his counsel. (d/e 121-3, p. 37).

Defendant was unaware when collaborating with Ms. Johanesse in 2022 and 2023 that the Court would determine that Ms. Johanesse has no entitlement to fees as a nonparty. (d/e 115). Therefore, this Court will not penalize defense counsel for said hours spent compiling information, collaborating strategically, and participating in motion practice together. Further, the hours billed collaborating with Ms. Johanesse do not include payment to her and therefore does not include fees that this Court has found are not recoverable as a non-party. As such, the Court will not bar the $25,117.00 in fees for collaboration.

This Court has previously found that as the prevailing party, Defendant is entitled to an award of attorney's fees and costs under PACA. *See* 7 U.S.C. § 499g(c). (d/e 115). This is true whether the reparation order is appealed to this District Court or the District Court's finding is appealed to a Circuit Court of Appeals. The circumstances of this case and the Court's position as to fees remain unchanged after appeal.

The Court finds that an additional award of attorney's fees is

warranted in this matter. The Court has reviewed the time entries submitted by the parties and finds them to be reasonable considering the post trial motions briefed requesting attorney's fees, the motion briefed after the Amended Judgment was entered, and legal work required for defense of an appeal to the Seventh Circuit. Further, each of the time entries provides the necessary detail to ascertain what work was completed. Although Plaintiff may object to the duration of a specific task, the Court finds no basis to strike any fee entry as duplicitous or inappropriate.

As previously stated, the Court finds the 20% reduction in the total fees and costs as calculated by Mr. Amaro are appropriate to account for the likelihood that a local attorney would have achieved the same result. Additionally, the Court reduces the costs award by $271.60 as Defendant has provided no documentation as to this cost for Deposition Video Expenses. The Court also notes that there is no evidence of an "Appeal Filing Fee," and that section of the costs provided by counsel for the Defendant is solely for court admissions and delivery services, which list the correct total.

Thompson Coburn is awarded attorney's fees and costs of $148,092.84. Therefore, the Defendant's Application For the Clerk to

enter a Supplemental Judgment Awarding Attorneys' Fees and Costs ([d/e 121]) is GRANTED. The Clerk is DIRECTED to enter a Judgment as to supplemental attorney's fees and costs consistent with this Order noting that attorney's fees and costs are taxed in the amount of $148,092.84.

The Court notes that on March 5, 2025, Defendant filed a Satisfaction of Judgment stating Plaintiff/Appellant fully satisfied the Amended Judgment amount previously entered in this case in the amount of $341,183.73. Defendant further notes in its Satisfaction of Judgment that it reserves all rights to the pending "Supplemental Motion for Fees" and further indicates Defendant may have additional fees incurred after the filing of the instant motion.

**IT IS SO ORDERED.**
**ENTERED:  August 14, 2025**
**FOR THE COURT:**

                              **/s/ Sue E. Myerscough**
                              **SUE E. MYERSCOUGH**
                              **UNITED STATES DISTRICT JUDGE**